IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ERIC RIVA MUTURI,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2190

Opinion filed June 28, 2016.

An appeal from the Circuit Court for Duval County.
Kevin A. Blazs, Judge.

William Mallory Kent of The Law Office of William Mallory Kent, Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert Lee, Assistant Attorney General, Tallahassee, for Appellee.


DEMPSEY, ANGELA C., ASSOCIATE JUDGE

     Appellant challenges his judgments and sentences for six offenses, raising seven issues that concern the sufficiency of the evidence and sentencing. We find that only issue six has merit and requires resentencing. In Williams v. State, 186 So. 3d 989 (Fla. 2016), the Florida Supreme Court held that the 10-20-Life statute, section 775.087(2)(d), Florida Statutes, permits consecutive sentencing of

qualifying offenses arising out of the same criminal episode if there is a discharge of a firearm involving multiple victims. Id. at 993. However, sentences for qualifying offenses must be imposed consecutively to sentences for any non-qualifying offenses. Id.

Here, the State conceded during oral argument that based on the facts of this case, the sentences for the qualifying offenses in counts 1 through 5 must be imposed concurrently to one another. Williams requires the sentences for the qualifying offenses in counts 1 through 5 be imposed consecutively to the sentence for count 6, a non-qualifying offense. Accordingly, we remand for resentencing consistent with this opinion.

AFFIRMED in part; REVERSED and REMANDED in part.

WETHERELL and KELSEY, JJ., CONCUR.